UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KAO ACQUISITIONS LLC,

Plaintiff,

-against-

JOSEPH BEDWELL,

Defendant.
----------------------------------------------------------X

Docket No.

**COMPLAINT**

Plaintiff KAO ACQUISITIONS LLC ("Plaintiff"), by and through its attorneys BARNES & BARNES, P.C., as and for its Complaint against the Defendant, hereby alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to enforce a personal guaranty dated October 17, 2024 given to Plaintiff by the Defendant JOSEPH BEDWELL ("Bedwell"), to secure the prompt repayment of all obligations owed by Bedford Landscape Contractors LLC ("Bedford LLC") to Plaintiff under a certain Business Revenue Share Agreement between Plaintiff and Bedford LLC, as well as money damages for breach of contract, an accounting, and to compel the inspection of the books and records of Bedford LLC.

## PARTIES

2. Plaintiff Kao Acquisitions LLC ("Plaintiff") is a limited liability company duly formed and organized pursuant to the laws of the State of Nevada, with a principal place of business at 808 Chestnut Street, Suite 1398, Chattanooga, Tennessee 37402.

3. The sole member of Plaintiff is Daniel Kao, who is a citizen and resident of Tennessee.

4. Upon information and belief, Defendant Joseph Bedwell ("Bedwell") is an individual and citizen of New York, residing in the County of Richmond, State of New York, with an address at 61 Aspinwall Street, Staten Island, New York 10307.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum of $75,000 and is between citizens of different States.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(1) because Defendant resides within the Eastern District.

**FACTUAL ALLEGATIONS**

7. Plaintiff's principal, Daniel Kao ("Kao"), was a long-time personal friend of defendant Bedwell, even serving as best man at Bedwell's wedding in 2024.

8. In early October 2024, Bedwell told Kao he needed $850,000 in connection with a $3.1 million dollar construction project (the "Project") awarded to Bedwell's company Bedford LLC by the New York City Parks Department to fix tree-damaged sidewalks in Brooklyn. Bedford LLC had been unable to obtain a construction bond and needed to put up $850,000 to cover operational costs.

9. Bedwell assured Kao/Plaintiff that the Project would be highly profitable (projecting a $1 million dollar profit on the $3.1 million dollar contract, or over 30% profit), would be complete within a year's time, and that as soon as he obtained the bond, he would immediately pay Plaintiff back.

10. Based on these representations and based on his friendship and trust in Bedwell, Plaintiff agreed to lend Bedford LLC the money.

11. On October 17, 2024, Bedwell signed a personal guaranty wherein Bedwell "irrevocably and unconditionally guarantees to [Plaintiff] the prompt and complete payment and performance of all obligations, liabilities, and debts of BedfordLC arising under or in connection with the Business Revenue Share Agreement. . ." (the "Guaranty). A copy of the Guaranty is annexed as **Exhibit A.**

12. Paragraph 6 of the Guaranty provides:

> "In the event of default by BedfordLC under the Business Revenue Share Agreement, KACQ may, at its option, proceed directly against the Guarantor without first seeking to enforce its rights or remedies against BedfordLC or any collateral."

13. Upon execution of the Guaranty, Plaintiff wired $850,000 to Bedford LLC's bank account.

14. Bedford LLC has failed to repay any of the $850,000 to Plaintiff and is in default of its obligations. Accordingly, Plaintiff has commenced this action to enforce the Guaranty against Bedwell.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Enforcement of Personal Guaranty)**

15. Plaintiff repeats and realleges each and every one of the foregoing allegations as though fully set forth herein.

16. Bedwell signed the Personal Guaranty, wherein Bedwell "irrevocably and unconditionally" guaranteed full payment and performance of Bedford LLC's obligations under the Revenue Agreement to repay the $850,000 loan, including "any resulting legal costs" incurred by Plaintiff.

17. Bedford LLC has defaulted in its obligations to repay the $850,000 loan.

18. Plaintiff has performed all obligations on its part to be performed.

19. By reason of the foregoing, Bedwell is personally liable for all amounts recovered by Plaintiff in this action up to $850,000, together with Plaintiff's attorneys' fees, plus interest.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Partnership Agreement)**

20. Plaintiff repeats, realleges and reiterates each and every allegation in this Complaint as if set forth at length herein.

21. On or about May 20, 2025, Plaintiff invested $400,000 in Bedford LLC in exchange for a 25% membership interest therein, becoming a minority shareholder. A copy of the Partnership Agreement is annexed as **Exhibit B**.

22. Section 6 of the Partnership Agreement provided that "Distributions of profits, if any, will be made to the members of [the LLC], including KACQ, in accordance with the terms set forth in the operating agreement, in proportion to their respective ownership interests."

23. Section 8.1 of the LLC's Operating Agreement, in turn, provided for distributions to be made to the Members from time to time and allocated in proportion to their ownership interests.

24. Upon information and belief, Bedwell has caused Bedford LLC to make distributions to Bedwell but has failed and refused to make a pro-rata distribution to Plaintiff, in breach and violation of the Partnership Agreement.

25. The LLC's bank statements reveal that between April 2025 and August 2026, Bedwell made withdrawals from the LLC's bank account totaling over $600,000, which constituted distributions to Bedwell.

26. The bank statements also reveal numerous "Apple Cash" withdrawals which constituted distributions totaling almost $40,000 to Bedwell.

27. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but believed to be no less than $500,000.00.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Accounting)**

28. Plaintiff repeats, realleges and reiterates each and every allegation in this Complaint as if set forth at length herein.

29. A fiduciary relationship exists between Plaintiff and Bedwell in light of Bedwell's status as a managing member and officer of the LLC.

30. Bedwell has a fiduciary duty to account to the members for all funds entrusted to his care.

31. Principles of equity dictate that Bedwell be held to account to Plaintiff in connection with Plaintiff's entitlement to distributions from Bedford LLC.

32. Plaintiff is entitled to a full accounting of all the financial affairs of the LLC for purposes of calculating and awarding the appropriate monetary compensation for Bedwell's wrongful conduct as alleged herein.

33. Plaintiff has no adequate remedy at law.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Inspection of Books and Records)**

34. Plaintiff repeats, realleges and reiterates each and every allegation in this Complaint as if set forth at length herein.

35. As a member of Bedford LLC, Plaintiff has a statutory and common-law right to inspect the LLC's books and records including under Limited Liability Company Law §1102.

36. In addition, Section 13.1 and 13.2 of the LLC's Operating Agreement gives Plaintiff the right to inspect the books and records.

37. Plaintiff requires access to the LLC's books and records of every kind and description, including but not limited to financial statements, quickbook records, tax returns, credit card statements, bank statements, wherever same are stored as hard copy or computer date, for the purposes reasonably related to Plaintiff's membership interest, namely: (a) to ascertain the financial condition of the LLC; (b) to learn the propriety of distributions; (c) to determine the proper allocation of profits and loss; (d) to calculate the value of the LLC's and each members' interest; and (e) to investigate management's conduct.

38. Plaintiff has demanded access to the LLC's books and records, but Bedwell has refused to provide such access.

39. Bedwell's refusal to grant Plaintiff inspection of books and records constitutes a violation of Plaintiff's inspection rights under the common law.

40. Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

41. Plaintiff respectfully demands a jury trial for all claims so triable.

**WHEREFORE**, Plaintiff respectfully requests an Order as follows:

a) On the First Cause of Action, enforcement of the Personal Guaranty against Bedwell;

b) On the Second Cause of Action, for breach of the Partnership Agreement, damages in an amount to be determined at trial but estimated to exceed $500,000;

c) On the Third Cause of Action, for an accounting of Bedford LLC;

d) On the Fourth Cause of Action, an order directing the Defendant to permit Plaintiff to inspect the books and records of Bedford LLC;

e) An award of attorneys' fees, costs, and disbursements;

f) Such further and other relief as the Court deems just and proper.

Dated: Melville, New York
August 31, 2026

By: *Matthew J. Barnes*____

Matthew J. Barnes, Esq.
Ryan J. McMahon, Esq.
Lesley A. Reardon, Esq.
BARNES & BARNES, P.C.
Attorneys for Plaintiff
445 Broadhollow Road, Suite 226
Melville, New York 11747
Tel: (631) 683-2408
Email: mjb@barnespc.com